FENNEMORE CRAIG, P.C.
Craig S. Newman (No. 3780)
300 South Fourth Street, Suite 1400
Las Vegas, Nevada 89101
Telephone: 702.692.8000
Facsimile: 702.692.8099
Email: cnewman@fclaw.com

Attorneys for Plaintiff
MERITAGE HOMES OF NEVADA, INC. f/k/a
MTH-HOMES NEVADA, INC.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MERITAGE HOMES OF NEVADA, INC., an Arizona corporation, f/k/a MTH-HOMES NEVADA, INC.<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR FIRST NATIONAL BANK OF NEVADA, SUCCESSOR-IN-INTEREST TO FIRST NATIONAL BANK OF ARIZONA; and INCA CAPITAL FUND 37, LLC, an Arizona limited liability company,<br><br>　　　　　　Defendants. | Case No.: 2:09-cv-01950-PMP-RJJ<br><br><br><br><br><br>**JUDGMENT** |

This Court, having considered Plaintiff Meritage Homes of Nevada, f/k/a MTH-Homes Nevada, Inc.'s ("Meritage") Application for Default Judgment (#14) against Defendants Federal Deposit Insurance Corporation, as Receiver for First National Bank of Nevada, successor-in-interest to First National Bank of Arizona (the "FDIC") and INCA Capital Fund 37, LLC ("Inca

95451.1/43435.042

- 1 -

Capital") pursuant to Fed. R. Civ. P. 55(a) for their failure to answer or otherwise respond to Meritage's Complaint (#1) in this matter; a Default (#13) having been entered against FDIC and Inca Capital for their failure to answer or otherwise defend as to Meritage's Complaint on file herein; and for good cause shown, the following findings of fact and judgment are hereby entered:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. Inca Capital was the owner of several lots of real property situated in Clark County, Nevada, now commonly known as Mountain's Edge Pod 101 or Watermarke (the "Property").

2. On or about January 17, 2005, Meritage and Inca Capital entered into an Option Agreement wherein Meritage was given an option (the "Option") to purchase lots at the Property.

3. First National Bank of Arizona acted as Inca Capital's lender in connection with its acquisition and development of the Property.

4. On or about January 17, 2005, Meritage and Inca Capital entered into a Construction Agreement wherein Meritage agreed to construct improvements on the Property on behalf of Inca Capital.

5. The Construction Agreement also called for Inca Capital to reimburse Meritage for all costs actually expended by Meritage for its performance of the work and other obligations at the Property.

6. In addition to the parties' execution of the Option Agreement and Construction Agreement, Inca Capital and First National Bank of Arizona entered into an Assignment and Subordination of Option Agreement (the "Subordination"), through which First National Bank of Arizona agreed to satisfy Inca Capital's obligations to Meritage under the Option Agreement and the Construction Agreement.

7. Meritage and First National Bank of Arizona also executed a Consent to Assignment, Subordination and Estoppel Certificate and Agreement (hereinafter the "Consent"), wherein Meritage consented to the Assignment as set forth in the Subordination.

8. The Consent also outlined First National Bank of Arizona's duty to perform Inca

Capital's obligations under the Option Agreement and the Construction Agreement.

9. In accordance with the Option Agreement and the Construction Agreement, Meritage proceeded to exercise its rights under the Option and purchased certain lots at the Property. However, Meritage had no duty to purchase all or any number of the lots.

10. In accordance with the terms of the Construction Agreement, Meritage proceeded to develop the purchased lots.

11. While performing under the terms of the Construction Agreement, Meritage incurred costs and expenses.

12. Meritage submitted draws for reimbursement of such expenses to Inca Capital, which expenses were required to be reimbursed by Inca Capital to Meritage pursuant to the Construction Agreement.

13. Of the draws for payment that Meritage submitted to Inca Capital, nine of them were never paid, thereby constituting a default under the terms of the Construction Agreement.

14. The total amount of unpaid draw requests owed by Inca Capital to Meritage equals at least $469,987.42.

15. On June 28, 2008, Meritage sent a letter to Inca Capital and First National Bank of Arizona, notifying them of the default in payment.

16. Pursuant to the Consent, upon Inca Capital's default of the Construction Agreement, First National Bank of Arizona was then obligated to step in and cure such default.

17. Neither Inca Capital nor First National Bank of Arizona cured Inca Capital's default under the Construction Agreement or the Consent.

18. Payment was due to Meritage no later than June 28, 2008.

19. Pursuant to the Construction Agreement, interest accrues on all outstanding amounts at a rate of eighteen percent (18.0%) per annum from the date due until paid in full.

20. On or about June 30, 2008, First National Bank of Nevada became the successor-in-interest to First National Bank of Arizona by merger.

21. On or about July 25, 2008, the FDIC was appointed receiver of First National Bank of Nevada, thereby assuming all assets and liabilities of First National Bank of Nevada,

FENNEMORE CRAIG, P.C.
LAS VEGAS

95451.1/43435.042

including the obligation to pay Meritage for the breach of the Construction Agreement and the Consent.

22. Although Meritage continued to hold an interest in the Property, the FDIC failed to deliver notice of its appointment as receiver to Meritage. As such, Meritage had no knowledge of the FDIC's appointment as receiver of the Bank until about December 8, 2008.

23. On January 14, 2009 and pursuant to 12 U.S.C. 1821, *et seq.*, Meritage submitted a Proof of Claim to the FDIC (the "Claim").

24. On July 29, 2009, the FDIC requested an extension of the 180-day determination period under 12 U.S.C. § 1821(d)(5)(A)(i) to January 29, 2010.

25. On August 4, 2009, Meritage agreed to the FDIC's requested extension.

26. On August 13, 2009, the FDIC disallowed Meritage's Claim.

27. Meritage filed its Complaint (#1) in this case on October 8, 2009, within the 60 day deadline to do so pursuant to 12 U.S.C. 1821(d)(6).

28. The FDIC and Inca Capital failed to answer or otherwise respond to the Complaint and on April 22, 2010, the Clerk entered Default (#13) against both the FDIC and Inca Capital.

29. That Meritage is entitled to judgment against the FDIC and Inca Capital, jointly and severally, on Meritage's claims of breach of contract, breach of the covenant of good faith and fair dealing and unjust enrichment.

30. Accordingly, Meritage is entitled to judgment against the FDIC and Inca Capital, jointly and severally, in the amount of $469,987.42, plus interest from June 28, 2008 at a rate of eighteen percent (18.0%) per annum until all amounts are paid in full.

## JUDGMENT

Based on the foregoing, IT IS ORDERED, ADJUDGED AND DECREED as follows:

1. The Judgment be entered in favor of Meritage and against the FDIC and Inca Capital, jointly and severally, in the principal amount of $436,357.12;

2. That such Judgment in favor of Meritage also include an award of pre-judgment interest against the FDIC and Inca Capital, jointly and severally, in an amount of $160,101.22, representing pre-judgment interest accruing at a rate of eighteen percent (18.0%) per annum from

95451.1/43435.042

the date payment was due, June 28, 2008, through July 12, 2010;

3. That such Judgment in favor of Meritage also include an award of additional pre-judgment interest against the FDIC and Inca Capital at a per diem rate of $215.19 from July 13, 2010 through the date that this Judgment is filed with this Court;

4. That the aggregate Judgment of items 1 through 3 above shall bear post-judgment interest at the contracted rate of eighteen percent (18.0%) per annum, from the date this Judgment is filed with this Court until fully satisfied, for all of which let execution and garnishment issue forthwith.

DATED: July 20, 2010

_____
PHILLIP M. PRO
United States District Judge

Respectfully submitted by:

FENNEMORE CRAIG, P.C.

By: /s/ Craig S. Newman
    Craig S. Newman (No. 3780)
    300 S. Fourth Street, Suite 1400
    Las Vegas, Nevada 89101

Attorneys for Plaintiff
MERITAGE HOMES OF NEVADA, INC.
f/k/a MTH-HOMES NEVADA, INC.

95451.1/43435.042