FENNEMORE CRAIG, P.C.
Christopher H. Byrd (No. 1633)
300 South Fourth Street, Suite 1400
Las Vegas, Nevada 89101
Telephone: 702.692.8000
Facsimile: 702.692.8099
Email: cbyrd@fclaw.com

Attorneys for Plaintiff/Judgment Creditor
MERITAGE HOMES OF NEVADA, INC. f/k/a
MTH-HOMES NEVADA, INC.

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MERITAGE HOMES OF NEVADA, INC., an Arizona corporation, f/k/a MTH-HOMES NEVADA, INC.<br><br>Plaintiff,<br><br>vs.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR FIRST NATIONAL BANK OF NEVADA, SUCCESSOR-IN-INTEREST TO FIRST NATIONAL BANK OF ARIZONA; and INCA CAPITAL FUND 37, LLC, an Arizona limited liability company,<br><br>Defendants. | Case No.: 2:09-cv-01950-PMP-RJJ<br><br>**ORDER ALLOWING EXAMINATION OF JUDGMENT DEBTOR AND REQUIRING PRODUCTION OF DOCUMENTS** |

It appearing to the Court by Plaintiff/Judgment Creditor's Ex Parte Motion for Order Allowing Examination of Judgment Debtor and Requiring Production of Documents that a Judgment was entered against the FEDERAL DEPOSIT INSURANCE CORPORATION, as

FENNEMORE CRAIG, P.C.
LAS VEGAS

111305.1/43435.042

- 1 -

Receiver for First National Bank of Nevada, Successor-in-Interest to First National Bank of Arizona, and good cause otherwise appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Judgment Debtor, FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for First National Bank of Nevada, Successor-in-Interest to First National Bank of Arizona, is ordered to appear at the offices of Fennemore Craig, P.C., located at 300 S. Fourth Street, Suite 1400, Las Vegas, Nevada 89101 on **April 28, 2011** at the hour of **9:00 a.m.**, and on such further days as the undersigned counsel shall name, to testify under oath concerning his property.  Said Judgment Debtor is hereby forbidden in the meantime from disposing of any property not exempt from execution.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the above-stated Judgment Debtor shall produce true and accurate copies of the documents described in **Exhibit 1** attached hereto on or before close of business on **April 14, 2011** by hand delivery of the documents to the offices of Fennemore Craig, P.C.

**FAILURE TO APPEAR AT THE TIME AND PLACE STATED ABOVE MAY RESULT IN A BENCH WARRANT BEING ISSUED FOR YOUR ARREST.**

DATED: April 8, 2011

~~PHILIP M. PRO~~
~~United States District Judge~~
UNITED STATES MAGISTRATE JUDGE

Respectfully submitted by:

FENNEMORE CRAIG, P.C.

By: /s/ Christopher H. Byrd
Christopher H. Byrd (No. 1633)
300 South Fourth Street, Suite 1400
Las Vegas, Nevada 89101

Attorneys for Plaintiff/Judgment Creditor
MERITAGE HOMES OF NEVADA, INC.
f/k/a MTH-HOMES NEVADA, INC.

# Exhibit 1

# Exhibit 1

## DEFINITIONS

1. "Defendant," "Deponent," "you," or "your" shall collectively refer to the FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR FIRST NATIONAL BANK OF NEVADA, SUCCESSOR-IN-INTEREST TO FIRST NATIONAL BANK OF ARIZONA and its agents, representatives, attorneys, subsidiaries, principals, accountants, partners, limited partners, or other person(s) or entity(ies) acting on behalf of Defendant, including all individuals and entity(ies) who are no longer but were in one of these positions, capacities, statuses or relationships.

2. "Plaintiff" shall refer to MERITAGE HOMES OF NEVADA, INC. f/k/a MTH Homes Nevada, Inc. and any representative(s), person(s), entity(ies), or other party acting or purporting to act on its behalf. Additionally, "Plaintiff" shall also refer to any of Plaintiff's predecessor(s)-in-interest.

3. The term "document" shall mean and include originals, duplicates, photographs, and writings and recordings as defined in Fed. R. Evid. 1001 and shall also mean all written or graphic matter or any other means of preserving thought or expression of every kind and description, including, but not limited to, any record, minutes of meetings, agreement, contract, memorandum, map, diagram, illustration, photograph, telegram, written analysis, report, recordings, transcriptions and memoranda made of any telephone communication or face-to-face oral meeting or conversation, written communication (which includes, but is not limited to, any letter, interoffice communication or telegram), paper, book, or other document.

## INSTRUCTIONS

1. In producing these documents, you are requested to furnish all documents known or available to you regardless of whether these documents are possessed directly by you or your agents, accountants, employees, representatives, investigators, or by your attorneys, including former attorneys, or their agents, employees, representatives or investigators.

2. In producing these documents, you are to indicate the paragraph of the

111082.2/43435.042

particular request in response to which each document is produced.

3.  If any of the requested documents cannot be produced in full, you are to produce to the extent possible, specifying whatever information, knowledge or belief you do have concerning the unproduced portion.

4.  If you seek to withhold any documents on the basis of attorney-client privilege, as work product or otherwise, you shall, at the time of your response to this Request, supply Plaintiff with a numerical list of the documents for which limitation of discovery is claimed, indicating:

    (a) The name of the writer, sender or initiator of such document, if any;

    (b) The name of each recipient, addressee, or party from whom each such document was intended, if any;

    (c) The date of each such document, if any, or estimate thereof and so indicated as an estimate if no date appears on said documents;

    (d) The general subject matter as described in each such document, or, if no such description exists, then such other description sufficient to identify said document; and

    (e) A specific statement of the privilege or doctrine on which you rely in refusing to produce such document.

## DOCUMENTS REQUESTED OF YOU

A.  All documents and financial records of any kind that relate to or would evidence the current assets (tangible or intangible), contingent or otherwise, property (real or personal), and choses in action of First National Bank of Nevada.

B.  All documents which demonstrate the identity of the parties holding current assets (tangible or intangible), contingent or otherwise, property (real or personal), and choses in action of First National Bank of Nevada.

C.  All documents which demonstrate the location of current assets (tangible or intangible), contingent or otherwise, property (real or personal), and choses in action of First National Bank of Nevada.

D.   All deeds for real property held by you and for real property that has been assigned to third parties by you.

E.   All complaints or counterclaims in which you seek payment of money or the return of property.

F.   All contracts under which any third party is obligated or may be obligated to pay money to you, including notes or guarantees.

G.   All contracts between you and third parties for the management of current assets (tangible or intangible), contingent or otherwise, property (real or personal), and choses in action of First National Bank of Nevada.

H.   All contracts between you and third parties for the servicing of current assets (tangible or intangible), contingent or otherwise, property (real or personal), and choses in action of First National Bank of Nevada.

I.   All summaries or reports by you or any of your employee(s) or agent(s) that outlines, describes or discusses the assets (tangible or intangible), contingent or otherwise, property (real or personal), and choses in action of First National Bank of Nevada and the amount of those assets including documents or reports containing opinions or conclusions regarding the value of all assets or claims.

J.   All documents showing the transfer of any asset asset (tangible or intangible), contingent or otherwise, property (real or personal), and choses in action of First National Bank of Nevada to any third person since July 20, 2010.

K.   All documents showing all receivables payable to you and/or First National Bank of Nevada.